UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAN WEESE and
CHERYL SULT-WEESE,

          Plaintiffs,          Case No. 1:17-cv-747

v.                                        Hon. Paul L. Maloney

KALAMAZOO METRO
TRANSIT SERVICE,

          Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is a civil action brought by *pro se* plaintiffs, who were allowed to file the present action *in forma pauperis* pursuant to § 1915. Consequently, this action is subject to judicial screening under 28 U.S.C. § 1915(e)(2)(B)(ii), which provides that the court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."

**I.    Discussion**

The court reviews a complaint for failure to state a claim on which relief can be granted under § 1915(e)(2) under the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it

asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations omitted). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the - defendant - unlawfully - harmed - me accusation." *Id.*, citing *Twombly*, 550 U.S. at 555.

Here, plaintiffs' complaint sets forth the following allegations (in their words):

> On September 02 2016 on Route 2 Portage @2:15P outbound the driver was trying to force me to remove over $100.00 worth of supplies and groceries out of my grocery cart which is not possible just to reload before I get out of the bus they refuse to accomend these carts on their bus so it is hard to get home with these supplies and grocery twice a month they have kept this up and has not stopped it is very streeful for us to get home as we don't have a dependable other way to get this done on a monthly basics I have tryed to talk with them about this and told me we can walk from Walmart instead of riding the bus I have tried everything I can to work with them but the are close to working anything out under the violations I have mentioned I aske this Court to take up the matter to have the Kalamazoo Metro Transit Service to abide by the laws on the books
>
> We suff from mentall health issues that fall under the American with Disability Act so we are asking the stress be removed and the Kalamazoo Metro service pay the relief being asked for

Compl. (ECF No. 1, PageID.1-2).

Plaintiffs seek the following relief (in their words):

Asking for relief under the American with Disability Act reason accomenation as well as 42 U.S. § 2000D as well as civil rights disability laws

1) For them to allow us to pull up a seat to lock our grocery cart out of the way so it is not in the way as they say it is even when people can get by it for a lifetime

2) To pay for a cab for 2 people twice a month to get the supplies and food without using the bus for a lifetime

3) $10 million in emtional stress that is put on us on a monthly basic

2

>wondering how long it will take to get frozen food home without it unthawing.

*Id*. at PageID.2.

The court should dismiss this complaint for failure to state a cause of action. The court has a duty to read a *pro se* plaintiff's complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F. 2d 1220, 1223-24 (6th Cir. 1987). Here, however, even the most liberal reading of *pro se* plaintiffs' allegations cannot be construed as setting forth a cause of action.

The gist of plaintiffs' claim is that defendant violated their rights under the Americans with Disabilities Act (ADA). The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132. "To establish a prima facie case of intentional discrimination under Title II of the ADA, a plaintiff must show that: (1) she has a disability; (2) she is otherwise qualified; and (3) she was being excluded from participation in, denied the benefits of, or subjected to discrimination under the program because of her disability." *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015) (footnote omitted). While plaintiffs do not need to prove their prima facie case in their complaint, they are obligated to allege facts from which an inference can be drawn that all of the material elements of their claim can be proven. As one court explained,

> Although the plaintiff need not plead a prima facie case, he must, at a minimum, allege facts from which an inference can be drawn that he was disabled under the ADA's definition. A plaintiff's failure "to identify, even in general terms, his disability and fail[ure] to identify a specific medical condition for which he was regarded as disabled" does not meet the threshold pleading requirements. *Thomas v. Dana Commercial Vehicle Products*, LLC, 2014 WL 1329948 (W.D. Ky. April 1,

2014). A complaint alleging an ADA violation is properly dismissed for failure to identify a disability. *Coleman v. Ford Motor Co.*, 2005 WL 1459549 (N.D.Ohio June 17, 2005).

*Gamble v. Greater Cleveland Regional Transit Authority*, No. 1:15 CV 1219, 2015 WL 5782073 at *3 (N.D. Ohio Sept. 30, 2015).

Here, plaintiffs' allegation that they "suff[er] from mental[] health issues" that fall under the ADA is not sufficient to allege the existence of a disability under the Act. Plaintiffs do not describe the nature of their alleged disability, but simply allege that they have ambiguous mental health "issues." Because plaintiffs failed to identify their alleged disabilities, they have no basis for a claim under the ADA. Furthermore, plaintiffs fail to allege any connection between any disability and the defendant's driver's alleged act on September 2, 2016 of "trying to force me [sic] to remove over $100.00 worth of supplies and groceries out of my grocery cart [sic]." Plaintiffs' allegations consist of nothing more than "an unadorned, the - defendant - unlawfully - harmed - me accusation" which is insufficient to state a cause of action. *See Iqbal*, 556 U.S. at 678.

Finally, plaintiffs state that they are also proceeding under "42 USC § 2000D" (42 U.S.C. § 2000d), which provides that "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." However, plaintiffs have not alleged that they are being denied benefits or subjected to discrimination "on the ground of race, color, or national origin." Rather, they are alleging that a bus driver tried to force them to remove items from a grocery cart which they brought on the bus.

In summary, plaintiffs have failed to allege sufficient factual matter, which accepted as true, would state a claims to relief under either the ADA or 42 U.S.C. § 2000d that is plausible

on its face. See *Iqbal*, 556 U.S. at 678.

## II. RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be dismissed.


Dated: September 15, 2017         /s/ Ray Kent
                                  RAY KENT
                                  United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).