UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAN WEESE and <br> CHERYL SULT-WEESE, <br>                 Plaintiffs, <br> -v- <br> KALAMAZOO METRO TRANSIT SERVICE, <br>                 Defendant. | No. 1:17-cv-747 <br><br> Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT

This matter comes before the Court on a Report and Recommendation issued by the Magistrate Judge.

Plaintiffs Dan Weese and Cheryl Sult-Weese filed this civil rights complaint against the Kalamazoo Metro Transit Service. Plaintiffs are proceeding without the benefit of an attorney. Plaintiffs were granted leave to file their complaint *in forma pauperis*, which allows them to file their lawsuit without paying a filing fee. When the filing fee is waived, however, courts are required to review the pleadings. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The magistrate judge reviewed the complaint and issued a report recommending that the complaint be dismissed for failure to state a claim on which relief may be granted. (ECF No. 8.) Plaintiffs have since filed a document which this Court is treating as their objections to the Report and Recommendation. (ECF No. 9.) Because Plaintiffs' are proceeding without the benefit of an attorney, this Court must liberally construe their filings. *See Boswell*

*v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005)).

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Succinctly, Plaintiffs assert their rights under the Americans with Disabilities Act (ADA) were violated by the Kalamazoo Metro Transit Authority. Plaintiffs claim to be disabled and contend that the bus driver refused to accommodate them. Specifically, the bus driver would not permit them to bring their grocery cart on the bus. In order to use the bus after shopping, Plaintiffs are forced to unload or reload their cart, which is very stressful.

The magistrate judge identified three deficiencies in the complaint, which undermined any claim Plaintiffs might have: (1) Plaintiffs failed to describe their disabilities, (2) Plaintiffs failed to allege the connection between their disabilities and the bus driver's actions, and (3) the statute Plaintiffs cited protects individuals from discrimination based on race, color, or national origin.

In their objection, Plaintiffs address only the first omission. Plaintiffs explain that they both suffer from post-traumatic stress disorder (PTSD) and that Cheryl suffers from "pseduoserizures." (PageID.26). An individual is disabled under the ADA if he or she

suffers from a mental or physical impairment that substantially limits one or more of her major life activities, has a record of the impairment, or is regarded as having the impairment. 42 U.S.C. § 12101(2)(A). Although the term "disability" under the ADA must be construed broadly, 42 U.S.C. § 12102(4)(A), an individual's disability is determined on a case-by-case basis, *Sebest v. Campbell City School District Board of Education*, 94 F. App'x 320, 326–27 (6th Cir. 2004).

Plaintiffs' explanation here is likely sufficient to overcome the first factual hurdle identified by the magistrate judge. The Court may assume that Plaintiffs' PTSD constitutes a disability for the purpose of the ADA. *See, e.g., Novak v. Bd. of Trustees of Southern Illinois Univ*, 777 F.3d 966, 975 (7th Cir. 2015) (involving a noting the parties did not dispute that the plaintiff's PTSD diagnosis was sufficient to establish that he suffered from a disability under the ADA).

Plaintiffs have not, however, overcome the second factual hurdle identified by the magistrate judge. The complaint contains no factual assertions suggesting that the bus driver's actions were based on Plaintiffs' disability or that the bus driver acted based on his or her perception of Plaintiffs' disability. Put simply, the bus driver's directions to Plaintiffs about their groceries and grocery cart had nothing to do with their disabilities. The ADA does not insulate disabled individuals from all conduct that makes their lives more stressful or complicated. *See, e.g., Hamilton v. Southwestern Bell Tel. Co.*, 136 F.3d 1047, 1052 (5th Cir. 1998) (concluding that the ADA did not protect an employee from termination after that employee had loud and disruptive outbursts at work, even though the employee asserted that his emotional outbursts were caused by his PTSD). Here, the conduct of which

Plaintiffs' complaint is not because of their disability. Certainly, complying with the bus driver's directions would be stressful and that Plaintiffs' PTSD might make the stressful situation worse. But, those facts are insufficient to allege discrimination because of a disability.

Because the Court has concluded that the complaint fails to state a claim, and will dismiss the lawsuit, the Court must consider whether any appeal would be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). The standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). When any appeal would present a frivolous issue, the appeal is not taken in good faith. *Id.* The same concerns that require the Court to find that the complaint fails to state a claim also require the Court conclude any appeal would not be taken in good faith.

For these reasons, the Report and Recommendation (ECF NO. 8) is **ADOPTED** as the Opinion of this Court. Plaintiffs' claims are **DISMISSED.**

**IT IS SO ORDERED.**

Date:  October 16, 2017   /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge